Jeffrey N. Mausner (SBN: 122385)
Warner Center Towers, Suite 910
Woodland Hills, CA 91367-3640
Telephone: 310-617-8100; 818-992-7500
Facsimile: 818-716-2773

Attorney for Plaintiff
PERFECT 10, INC.

Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Matthew A. Scherb (SBN: 237461)
mscherb@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Debra J. Albin-Riley (SBN: 112602)
driley@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Attorneys for Defendant
MICROSOFT CORPORATION



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERFECT 10, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. CV07-5156 AHM (SHx)**<br><br>**JOINT RULE 16(B) REPORT**<br><br>Date: February 11, 2008<br>Time: 1:30 pm |



Dockets.Justia.com

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Counsel for plaintiff Perfect 10, Inc. ("Perfect 10") and defendant Microsoft Corporation ("Microsoft") conducted a Rule 26(f) conference on January 7, 2008, and jointly submit this Report to the Court.

**A. Short Synopsis of the Case**

**By Perfect 10**

This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b).

Plaintiff Perfect 10 previously published an adult entertainment magazine and operates an adult pay website located at the URL www.perfect10.com. Perfect 10 owns numerous valuable copyrights and trademarks. Perfect 10 asserts claims for copyright infringement (which may be direct or secondary) and trademark infringement (which may be direct or secondary) against Microsoft. Perfect 10 seeks actual damages, profits of the infringer, statutory damages, attorneys' fees, and injunctive relief. Perfect 10 has sent Microsoft DMCA notices beginning in 2004. Microsoft's listed fax number at the copyright office for its copyright agent, J.K. Weston, did not function in 2004, 2005, and 2006. As a result, Perfect 10 sent its notices from 2004-2006 to the email address listed at the copyright office, along with one notice sent in 2005 by Federal Express. Microsoft returned the notice sent by Federal Express and now claims it never received it. Microsoft also claims that it never received any of the ten notices which Perfect 10 sent by email in 2004, 2005, or 2006.

**By Microsoft**

Perfect 10 has sued Microsoft for operating the popular Internet search engine known as Live Search. Perfect 10 alleges that, by furnishing the search engine and related services, Microsoft infringes upon Perfect 10's copyrights and trademarks. Although Perfect 10 initially also alleged violations of state and federal data protection law and trade secret law, Microsoft moved to dismiss these claims. Perfect

10 did not oppose the motion, and instead filed an Amended Complaint that omitted those claims entirely.

For its copyright claim, Perfect 10 seeks damages and an injunction based on the allegation that non-party web sites allegedly publish on web pages images that infringe Perfect 10's copyrights, Microsoft indexes those web pages or images in its search engine, and Microsoft causes the web browsers of search engine users to display the images. Perfect 10 alleges that the Microsoft search results violate its copyrights and that Microsoft is both directly liable (for indexing images), and contributorily and vicariously liable (for the acts of the non-party websites and their users). Perfect 10 claims that over 30,000 of its images are at issue.

For its trademark claim, Perfect 10 seeks damages and an injunction because of Microsoft's alleged display of advertising on its web site in conjunction with its search engine. Perfect 10 alleges that, by displaying advertising on the same web page that contains results of searches based upon Perfect 10's name and the names of its models, Microsoft engages in trademark, and copyright violations.

To defeat Microsoft's safe harbor under the Online Copyright Infringement Liability Limitation Act, part of the Digital Millennium Copyright Act ("DMCA"), Perfect 10 alleges that it has sent Microsoft notices of claimed infringement that Microsoft did not process expeditiously. Microsoft claims that some of these notices were never sent or received by Microsoft, that all of Perfect 10's notices have been defective, that Microsoft expeditiously and appropriately responded to notices, and that Perfect 10 willfully failed to cure its defective notices or otherwise assist Microsoft in reasonably addressing them.

**B. Key Legal Issues**

**By Perfect 10**

Some of the legal issues in this case will be the same or similar to those in the *Perfect 10 v. Google* case. However, because Microsoft admittedly did nothing in response to Perfect 10's notices sent to Microsoft between 2004 and early 2007,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Perfect 10 believes that Microsoft will be disqualified from any safe harbor as a result of its inaction.

**By Microsoft**

This case has many legal issues, apart from the basic substantive issues in each cause of action. Among the key legal issues are:

a. Whether Perfect 10 may assert copyright claims for works that lack copyright registrations.

b. Whether Microsoft engages in fair use in operating its search engine.

c. Whether the linking to, or framing of, third-party web pages constitutes a "public display" or "distribution of copies by sale or other transfer of ownership, or by rental, lease or lending" by Microsoft.

d. Whether vicarious liability may attach to Microsoft based on the conduct of unrelated customers or unrelated web publishers.

e. Whether contributory infringement liability may apply to Microsoft's search engine.

f. Whether Microsoft is entitled to a safe harbor under the DMCA.

g. Whether Perfect 10's notifications of alleged infringement substantially complied with 17 U.S.C. § 512.

h. Whether Microsoft's sale of advertising space on pages with search results triggered by user-entered searches constitutes "use in commerce" and "commercial use in commerce" of any marks claimed by Perfect 10.

i. Whether Microsoft's activities are protected by the doctrines of privilege and the First Amendment.

j. Whether Perfect 10 may claim multiple statutory copyright damages for multiple images contained in one derivative work or compilation.

## C. Realistic Range of Provable Damages

**By Perfect 10**

Microsoft's acts obviate the need for a consumer to pay for a membership to

perfect10.com or to purchase Perfect 10 Magazine (which ceased publication in June of 2007). Microsoft's acts have also diminished the value of Perfect 10's marks. Perfect 10 may seek actual damages, profits of Microsoft attributable to the infringements, and/or statutory damages on its copyright claim. Perfect 10 will also seek to recover attorneys' fees. Perfect 10 will also seek damages recoverable under its trademark claim. In light of the lack of discovery, Perfect 10 does not quantify the range of provable damages at this time, except to say that it has lost at least $55 million, has been forced to stop production of its prized magazine, has suffered great damage to its trademark, and has been forced to drastically scale down its business and lay off key employees, and that the value of its vast and exceptional film library has been reduced to next to nothing as a result of the free dissemination by Microsoft and others of most of its prized images.

**By Microsoft**

Because Microsoft has caused no harm to Perfect 10 and has violated no legal obligation, there is no realistic prospect of damages. So far as Perfect 10 may seek statutory damages for alleged copyright violations, its damages are limited to the extent compilation or derivative works are at issue. At this point, Microsoft believes no damages are realistic.

**D. Whether There is Insurance Coverage.**

Microsoft believes there is insurance coverage for the defense of the case.

**E. Likelihood Of Motions Seeking to (i) Add Other Parties or Claims or (ii) File Amended Pleadings or (iii) Transfer Venue**

**By Perfect 10**

Perfect 10 does not anticipate amending its complaint to add additional causes of action or parties but may amend the complaint after discovery to update it.

None of the parties anticipates the appearance of additional parties, or a motion for transfer of venue.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**By Microsoft**

Neither side anticipates the appearance of additional parties. However, Microsoft requests the Court to set a deadline of February 29, 2008, for Perfect 10 to name or drop its claims against Defendants DOES 1-10.

Microsoft does not foresee filing an amended pleading or moving to change venue.

**F. Discovery and Experts**

**1. Schedule**

The parties propose the following discovery schedule:

| Event | Perfect 10 Proposal | Microsoft Proposal |
|---|---|---|
| Fact Discovery Cutoff (incl. Motions) | November 3, 2008 | September 30, 2009 |
| Initial Expert Disclosures (with reports) | Nov. 17, 2008 | October 21, 2009 |
| Rebuttal Expert Disclosures (w/ reports) | Dec. 15, 2008 | November 18, 2009 |
| Expert Discovery Cutoff | Jan. 5, 2009 | December 9, 2009 |

**2. Scope of Discovery**

**By Perfect 10**

Perfect 10 will take discovery regarding Microsoft's infringing actions, including whether Microsoft did in fact receive Perfect 10's e-mailed DMCA notices. Perfect 10 will take discovery regarding Microsoft's knowledge that infringing Perfect 10 images were available using its search engine, measures that Microsoft could have taken to prevent further damage to Perfect 10's copyrighted works, and Microsoft's failure to take such steps. Perfect 10 also intends to take discovery related to the number of downloads and views made by Microsoft users of Perfect 10 copyrighted images, Perfect 10's damages including lost customers, and Microsoft's profits from the infringing conduct.

Discovery should not be conducted in phases or otherwise limited.

Perfect 10 has served interrogatories and document requests on Microsoft.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Microsoft has served interrogatories, document requests, and requests for admissions on Perfect 10.

At this time, Perfect 10 expects that the 10 depositions allowed under Rule 30 will be sufficient, but that may change if Perfect 10 is unable to obtain the information it needs from those deponents. Perfect 10 also expects that the 25 interrogatories permitted by Rule 33 will be sufficient, but that also depends on objections raised by Microsoft and whether Perfect 10 obtains the information it needs from those interrogatories.

Perfect 10 believes that this case should go to trial in early 2009. If such a trial date is set, Perfect 10 proposes Initial Expert Disclosures and Reports on November 17, 2008; Rebuttal Expert Disclosures and Reports on December 15, 2008; and Expert Discovery Cutoff on January 5, 2009.

In Microsoft's Section 2 below, Microsoft states that it "believes that it will need, and therefore requests, 4 full days of deposition of Dr. Norman Zada, to be conducted in two sessions (one early, one late)." Perfect 10 believes that this is unwarranted, burdensome, and unfair, and objects to this procedure. Dr. Zada should be deposed once, at the time of Microsoft's choosing, and the deposition should not exceed two days.

In Microsoft's Section 3 below, Microsoft states that it "anticipates asking the Court to enter a protective order to allow for the handling of confidential material." Perfect 10 agrees, and suggests that the same protective order be used as in the *Google* case, which was drafted by the same attorneys as in the present case. Microsoft states below that it does not agree to the protective order entered in the Google case, which allows Dr. Zada access to both Confidential and Highly Confidential material. Microsoft believes that a "form of protective order that limits access to Highly Confidential information to outside counsel, and designated in-house counsel would be more appropriate to this case." First, it should be noted that all of the issues regarding Dr. Zada having access to Highly Confidential information were considered

by Magistrate Judge Hillman in the *Google* case, and he decided that Dr. Zada should have access to Highly Confidential information. Dr. Zada has seen Highly Confidential information in that case for years, with no problems. There is even greater reason for Dr. Zada to have access to the Highly Confidential information in the *Microsoft* case at the present time, since Perfect 10 no longer has an in-house counsel, and Jeff Mausner is the only attorney of record for Perfect 10. It would be virtually impossible for Mr. Mausner to litigate this case without Dr. Zada having access to all of the documents and information, especially in light of the propensity of Google's and Microsoft's attorneys to designate a great number of documents and much information as Highly Confidential.

**By Microsoft**

Microsoft will need discovery into at least the following: (a) Perfect 10's claims to its copyrights and trademarks, including its transactions to acquire rights from others; (b) Perfect 10's finances relating to (i) the market value of its works, (ii) the actual or potential monetization of its rights, (iii) its brands, (iv) its alleged damages, and (v) causation of those alleged damages; (c) specific infringements alleged by Perfect 10 to have been committed by Microsoft within the United States; (d) specific infringements alleged by Perfect 10 to have been committed within the United States by third parties, for which infringements Perfect 10 seeks to hold Microsoft liable; (e) Perfect 10's efforts (if any) to mitigate its damages; and (f) Perfect 10's notifications of claimed infringement.

**3. Foreseen Changes and Stipulations**

**By Perfect 10**

See Section 2 above. Perfect 10 served its Initial Disclosures on Microsoft's attorneys on January 22 by e-mail and on January 23 by mail.

//

//

//

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**By Microsoft**

Microsoft proposes no changes in the disclosures required by Rule 26(a).

Microsoft does not yet anticipate needing more than the ten depositions permitted under Rule 30 or more than the 25 interrogatories permitted by Rule 33. However, given the unusually deep involvement in Perfect 10's litigation of Perfect 10's principal, Dr. Norman Zada, Microsoft believes that it will need, and therefore requests, four full days of deposition of Dr. Norman Zada, to be conducted in two sessions (one early, one late). Microsoft may change its view as the litigation progresses.

Microsoft anticipates asking the Court to enter a protective order to allow for the handling of confidential material. Perfect 10 proposes that the same protective order be used in this case as in its pending litigation against Google. Microsoft does not agree to the protective order entered in the Google case, which allows Dr. Zada access to both Confidential and Highly Confidential material. Dr. Zada is not a *pro se* plaintiff, and does not require access to Highly Confidential information in this case. Microsoft believes that a more traditional form of protective order that limits access to Highly Confidential information to outside counsel, and designated in-house counsel would be more appropriate to this case, and will propose a form of protective order to Perfect 10.

**4. Discovery Conducted to Date**

Perfect 10 has served a first set of requests for production and a first set of interrogatories.

Microsoft has served a first set of requests for admission, a first set of requests for production, and one interrogatory.

**5. Electronic Discovery Issues**

**By Perfect 10**

Below, Microsoft proposes that both parties produce documents in Bates-labeled TIFF format. Perfect 10 has no objection to Microsoft producing documents

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

in the form of Bates-labeled TIFF images, but those documents should be produced in a logically arranged manner, or as they are kept in the regular course of business. Perfect 10 has been producing images and other documents in the format in which they are archived for evidentiary purposes. If Perfect 10 is using Adobe to archive infringing images, those images have been saved in Adobe's default format, which is PDF. For each Adobe file, Adobe provides page numbers and search capabilities that are not available by simply Bates numbering a bunch of otherwise unrelated documents and converting them to TIFF format, as Microsoft proposes. Essentially, Microsoft's proposal would remove the order and ease in finding and referring to documents in Perfect 10's productions. For example, page 10 of the file "Marisa Miller Microsoft Image Search Feb 05" would be replaced by PT4821356 or something similar using Microsoft's proposal, which is how Google produced its documents. The Bates numbers used by Google provided no information to Perfect 10 as to what is contained in each document, and Perfect 10 had to go through every Google document and organize them into folders. Perfect 10's method of production using Adobe already does that and provides page numbers as well. It is just a much more efficient way to produce infringements grouped by model name or by infringing website.

If Perfect 10 is archiving images from an infringing pay site, such as giganews.com, those images have been saved in the format in which they are downloaded, which is typically as a .jpg file, in a folder labeled giganews.com.[1] Each of the more than twenty thousand infringing images which Perfect 10 has saved from Giganews.com has an image URL which describes that image. Perfect 10 has already provided to Microsoft, by way of a DMCA notice, approximately 823,474 such infringing Perfect 10 images from approximately 60 different infringing websites, all

[1] Giganews.com is a massive infringing website that Microsoft's search engine continues to link to and accept paid advertising from, despite the fact that Perfect 10 has repeatedly advised Microsoft that Giganews.com is selling tens of thousands of infringing Perfect 10 images. Giganews.com also offers tens of thousands of pirated movies and songs.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

organized by website. It would be extremely burdensome, time consuming, and expensive for Perfect 10 to convert all of those documents to TIFF format, as Microsoft proposes.

There is no requirement in the Federal Rules of Civil Procedure that Perfect 10 convert such infringing images to TIFF format. Also, because of the way that Perfect 10 produces documents in organized labeled folders, typically by infringing website, there is also no reason for Perfect 10 to be required to Bates number over 1 million infringements, which are readily located and identified by labeled folder. Any documents used in Court for motions are going to be attached to the pleadings or put onto a separate CD, so that is not a reason to require Perfect 10 to incur this massive unnecessary burden and expense.

**By Microsoft**

The parties have not agreed on the form of production for electronic data. Microsoft proposes production by both parties of Bates-labeled TIFF images to enable easy authentication of and to avoid changes to produced materials. In conjunction with TIFF images, each side would produce agreed-upon metadata and database load files. Unlike TIFF images, native files cannot be easily numbered or designated confidential at a page level and any numbering or designation of a native file is typically made in a list completely separate from the file. Moreover, native files can be edited and their production can drastically increase the costs of discovery, because the parties would have to search files for hidden data that could be privileged. In any event, native files could be produced if a specific need arises.

Perfect 10 refuses to agree to affix Bates numbers to its productions or to use standard TIFF imaging. Without Bates labeling, there will be no way for either side to easily identify specific documents and pages in productions or unambiguously to refer to documents in pleadings to this Court. Without consistent formatting of produced documents by both sides, the efficiency of discovery will be impaired. Perfect 10 is

likely to produce a great volume of documents in this case, and both parties, and the Court, would benefit from Bates labeling.

To the extent that Perfect 10 seeks information from sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2), and to the extent Perfect 10 can meet all the requirements for access to that information, Microsoft anticipates asking the Court to order that Perfect 10 bear the costs of searching for, identifying, and extracting the data, but Microsoft believes the Court should address the issue later at the appropriate time when the context is more fully evident.

**G. Issues or Claims that Any Party Believes May be Determined by Motion for Summary Judgment or Motion *in limine***

**By Perfect 10**

Because Microsoft has admittedly not responded to most of Perfect 10's DMCA notices, Perfect 10 may seek summary adjudication on Microsoft's ineligibility for safe harbor under the DMCA and other issues, depending on what is revealed in discovery.

**By Microsoft**

Contrary to Perfect 10's statement, Microsoft does not admit that it has not responded to Perfect 10's purported notices to Microsoft.

Microsoft contemplates summary judgment motions on the claims, perhaps broken down into partial summary judgment motions on particular issues. Microsoft also contemplates a motion for judgment on the pleadings or motion for partial judgment on the pleadings.

**H. Settlement**

**By Perfect 10**

Perfect 10 and Microsoft had several telephone conferences in an attempt to settle this matter in 2007, prior to Perfect 10's filing of the complaint. However, the parties were not able to reach a settlement at that time. Perfect 10 has always believed

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

that because Microsoft is such a large copyright holder, it would agree to stop its search engine from linking to and taking advertising from massive infringers. In fact, Perfect 10 has stated to Microsoft that Perfect 10's passwords and usernames are similar to Microsoft's software registration codes, and that Microsoft's defense of this case could require it to take positions that, in the long run, would be detrimental to Microsoft's ongoing efforts to prevent search engines and others from disseminating its software registration codes. Similarly, Microsoft will have to take positions contrary to its efforts to protect its software copyrights in order to defend its continued acceptance of advertising from, and promotion of, massive pirate websites, which steal and sell billions of dollars of images, movies, songs, and software.

Perfect 10 would agree to settlement procedure number 1 before Judge Matz or Judge Hillman. Perfect 10 believes that it would take too much time for a Magistrate Judge other than Judge Hillman to become familiar enough with the case to serve as the settlement judge. Alternatively, Perfect 10 would agree to settlement procedure number 3 before a retired judge.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**By Microsoft**

Pursuant to Local Rule 16-15.4, Microsoft would prefer settlement procedure number 3, a non-judicial dispute resolution proceeding, but would want to engage the services of a disinterested magistrate judge. Microsoft believes that Perfect 10's desire to use settlement procedure number 1 and to call on the magistrate associated with this and other Perfect 10 cases, Magistrate Hillman, would not foster settlement.

**I. Time for and Nature of Trial**

**By Perfect 10**

Perfect 10 estimates that a jury trial will last two to three weeks, depending on whether summary adjudication is granted on certain issues. This estimate could change based upon discovery. At this time, Perfect 10 anticipates calling less than 10 witnesses, but this estimate could also change based upon discovery and what Microsoft does at trial.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**By Microsoft**

As it is Perfect 10's obligation to prove its case, including the alleged infringement of some 30,000 images, Microsoft defers to Perfect 10's estimate of how long it will need, although Microsoft suspects a jury trial could take one month. Microsoft anticipates calling 10 witnesses, but that number – and the estimate of the trial duration – may change dramatically in light of discovery.

**J. Presumptive Schedule of Pretrial Dates.**

Perfect 10 believes that discovery in this case can be completed in 9 months and that the trial can take place in early 2009.

The parties attach a completed version of the form attached as Exhibit A to the Court's scheduling conference order.

**K. Other Issues**

Neither party is aware of other issues at this time.

**L. Identification of all Subsidiaries, Parents and Affiliates**

**By Perfect 10**

None.

**By Microsoft**

Microsoft has no parent. Microsoft has no subsidiaries other than those it wholly owns. Microsoft has no affiliates that are owned by a common parent.

**M. Patent Cases**

Not applicable.

//

//

//

//

//

//

//

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**N. Magistrate Judge Preside?**

Perfect 10 is willing to have the case heard by either Judge Matz or Magistrate Judge Hillman. Microsoft does not consent to have a Magistrate Judge preside.

Respectfully submitted,

Dated: January 25, 2008 By: Jeffrey Mausner (BD)
Jeffrey N. Mausner

Attorneys for Plaintiff
Perfect 10, Inc.

WINSTON & STRAWN LLP

Dated: January 25, 2008 By: Andrew P. Bridges
Andrew P. Bridges
Debra J. Albin-Riley
Jennifer A. Golinveaux
Matthew A. Scherb

Attorneys for Defendant
Microsoft Corporation

**JUDGE A HOWARD MATZ**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court)<br>Estimated length: ____________ days | 8:00 a.m. | | 2/16/2009 | 3/17/2010 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | 2/9/2009 | 3/10/2010 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | 2/2/2009 | 3/3/2010 | |
| Lodge Pretrial Conf. Order<br>File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | 1/19/2009 | 2/17/2010 | |
| Last day for hand-serving Motions in Limine | | - 6 | 1/5/2009 | 2/3/2010 | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | - 8 | 12/22/2008 | 1/20/2010 | |
| Last day for hearing motions | 10:00 a.m. | - 8 | 12/15/2008 | 1/20/2010 | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | - 12 | 11/17/2008 | 12/23/2009 | |
| Non-expert Discovery cut-off | | - 14 | 11/3/2008 | 9/30/2009 | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16-14 Settlement Choice: (1) CT/USMJ (2) Atty (3) Outside ADR**

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | 1/5/2009 | 12/9/2009 | |
| Rebuttal Expert Witness Disclosure | | - 9 | 12/15/2008 | 11/18/2009 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | 11/17/2008 | 10/21/2009 | |
| Last day to conduct Settlement Conference | | | | | |
| Last Day to Amend Pleadings or Add Parties | | | | | |

# EXHIBIT A