WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
Jennifer A. Golinveaux (SBN: 203056)
Matthew A. Scherb (SBN: 237461)
101 California Street, Suite 3900
San Francisco, CA  94111-5894
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
E-mail:  abridges@winston.com, mscherb@winston.com,
         jgolinveaux@winston.com

Debra Riley (SBN: 112602)
333 South Grand Avenue, 38th Floor
Los Angeles, California  90071
Telephone:  (213) 615-1732
Facsimile:  (213) 615-1750

Attorneys For Defendant MICROSOFT CORPORATION

JEFFREY N. MAUSNER (State Bar No. 122385)
Mausner IP Law
21800 Oxnard Street, Suite 910
Woodland Hills, California 91367
Telephone:  (818 992-7500
Facsimile:   (818) 716-2773

Attorneys for Plaintiff PERFECT 10, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation, <br><br>                    Plaintiff, <br><br>          vs. <br><br> MICROSOFT CORPORATION; and DOES 1 through 100, inclusive, <br><br>                    Defendant. | Case No. CV 07-5156 AHM (SHx) <br><br> **STIPULATION AND PROTECTIVE ORDER** |

1    All parties to this action hereby stipulate to, and request that the Court enter, the

2    following Protective Order.

3    Good cause appearing:

4    IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of

5    the Federal Rules of Civil Procedure be, and is hereby, entered.

6    1.    This Protective Order ("Order") shall be applicable to and govern all

7    depositions, documents produced in response to requests for production of documents,

8    answers to interrogatories, responses to requests for admission, and all other discovery

9    taken pursuant to the Federal Rules of Civil Procedure, or furnished informally by

10   agreement between the parties, as well as testimony adduced at trial and other

11   information hereafter furnished, directly or indirectly, by or on behalf of any party or

12   nonparty in connection with this action which that party or nonparty in good faith

13   believes comprise or reflect proprietary information used by it in, or pertaining to, its

14   business, which is not generally known and which the party would normally not

15   reveal to third parties or would cause third parties to maintain in confidence,

16   including, without limitation, trade secrets as defined in California Civil Code Section

17   3426.1, financial data, contracts and agreements, employee information, current and

18   future business plans, and marketing documents.[1]  The term "document" as used in

19   this Order, shall have the broadest meaning permissible under the Federal Rules of

20   Civil Procedure and shall include, without limitation, all "writings," "recordings" and

21   "photographs" as defined in Rule 1001of the Federal Rules of Evidence, and any

22   information stored in any computer system or other electronic or optical data storage

23   device.

24   2.    Material or information designated as "Confidential" pursuant to this

25   Order ("Confidential Material") shall be used by any recipients solely for the purpose

26   of conducting this litigation, and not for any other purpose whatsoever, and such

27

28   _____
[1]    This Protective Order does not apply to hearings before the Magistrate Judge or hearings or trial before the District Court.  The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

information shall not be disclosed to anyone except as provided herein.  No expert or consultant shall review or gain access to Confidential Material unless he or she has executed the Notification of Protective Order and Undertaking (attached as Exhibit A).

### **Confidential Designation of Material**

3.     Any information or materials produced by any party or nonparty as part of discovery in this action may be designated "Confidential" by such party or nonparty pursuant to Paragraph 4 of this Order.

4.     The designation of information or material as "Confidential" for purposes of this Order shall be made in the following manner by the party or nonparty seeking protection:

(a)     In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony):  by affixing a plainly visible confidentiality designation legend to (i) the cover page of such document, or on the outside of any media for storing electronic documents, stating either "Confidential" or "This Document Contains Material Designated as Confidential Pursuant to the Protective Order Entered in this Case", and (ii) each page containing any confidential information or material , at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  Whoever seeks designation of a native-format computer file as Confidential Material shall, to avoid altering the original file, not affix a label to the electronic file itself, but shall inform the receiving party in writing of the designation.

(b)     In the case of depositions or other pretrial or trial testimony:  (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten

(10) days after the delivery to counsel of the transcript of the deposition.  At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Order.   The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court.  If any document or information designated under this Order is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped accordingly, and access thereto shall be limited pursuant to the other terms of this Order.

(c)     A party or nonparty furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

5.     Confidential Material under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as contract attorneys, paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services (if used), who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

(b)     In-house counsel for the parties herein who are necessary for the furtherance of this litigation and in-house paralegal;

(c)     One officer of each of the parties;

3

(d)     Subject to Paragraphs 6 and 8 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of Confidential Material to any persons under this subparagraph shall only be to the extent  necessary to perform their work on this litigation.

(e)     Subject to Paragraph 8 herein, any other persons who are designated to receive Confidential Material by order of this Court after notice to the parties, or by written stipulation of the parties.

(f)     Subject to Paragraph 7 and Paragraph 8 herein, any person who gives testimony in deposition or trial in this action.

(g)     The Court and Court personnel.

(h)     Subject to Paragraph 8, court reporters, interpreters and videographers employed in connection with this action.

(i)     The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information.  To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (i.e. document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court.  The moving party shall, thereafter, within (7) seven days, file the information under seal with the Magistrate Judge and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s).  If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

6.     For the purposes of this Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and who is not retained by, employed by, or otherwise affiliated with any party to this

4

action.  The name, business address, curriculum vitae ("CV") and affiliation of each

such consultant or testifying expert must be disclosed to the producing party at least

five (5) court days prior to such person's review of material designated under this

Order.  The CV shall contain a list of all present employers/clients as well as all past

employers/clients for the 36 months preceding the date of employment in this case.

During that five-day period, counsel for the designating party shall have the

opportunity to oppose the proposed disclosure.  Any party opposing disclosure shall

within such five (5) day period provide the other party with a written objection, setting

forth in reasonable detail the specific grounds for such opposition.  If no written

objection is received by 5:00 p.m., Pacific time, on the fifth day following the date of

disclosure of the identity of the proposed consultant or testifying expert, then the party

seeking to disclose may do so and failure to object shall constitute waiver of the

specific objection.  However, after the five-day period has expired without objection,

a party may still move the Magistrate Judge to allow it to object to an expert if it can

show:  a) there is new, material information relating to the expert, which was not

available to the moving party within the five-day objection period; and b) had the

moving party been aware of the information at the time, the moving party would have

objected to the expert.  In the event that an objection is received, the objecting party

shall, within two (2) court days send to the other party by facsimile or next business

day delivery its portion of a joint stipulation, modeled on the procedure used by this

District, to be furnished the court in connection with any motion regarding the

objection.  Within three (3) court days of receipt of such portion of the joint

stipulation, the party seeking to disclose shall send its portion of a joint stipulation to

the objecting party by facsimile or next business day delivery.  Within two (2) court

days of receipt of both portions of the joint stipulation, the objecting party shall file

the joint stipulation, with the Court and both parties shall seek a hearing at the Court's

earliest convenience.  In the event such resolution by the Court is necessary, the

material at issue shall not be disclosed to the consultant or testifying expert pending

1  resolution of the issue by the Court.

2      7.    Each person set forth in Paragraph 5 to be examined as a witness, may be

3  so examined at trial or during a deposition concerning any information or material

4  designated under this Order, which that person had lawfully received or authored prior

5  to and apart from this action.  During examination, any such witness may be shown

6  information or material designated under this Order by a party which appears on its

7  face or from other documents or testimony to have been received or authored by that

8  witness from, or communicated to that witness by, that same party provided that the

9  examining party makes a reasonable effort to obtain the compliance of the witness

10  with Paragraph 8.

11      8.    Each person set forth in Paragraph 5 who is not (i) outside counsel to a

12  party to this litigation, or staff directly employed by such outside counsel; or (ii) the

13  Court or Court personnel to whom Confidential Material is to be disclosed, shall, prior

14  to receiving such material, be furnished with a copy of this Order, a copy of the

15  Court's Notification of Protective Order and Undertaking, which the person shall read

16  and sign (Attached as Exhibit A).  Counsel for the party seeking to disclose

17  Confidential Material to any such person pursuant to this paragraph shall be

18  responsible for permanently retaining the executed originals of all such Notifications.

19      9.    All Confidential Material shall be securely maintained in a manner

20  intended to preserve confidentiality.  Access to such material shall be permitted only

21  to those designated persons set forth in Paragraph 5 above as persons properly having

22  access thereto.  The recipient of any Confidential Material shall use its best efforts, but

23  at no time less than reasonable efforts under the circumstances, to maintain the

24  confidentiality of such information.

25      10.   Nothing contained in this Order shall affect the right of any party to make

26  any objection, claim any privilege, or otherwise contest any request for production of

27  documents, interrogatory, request for admission, subpoena, or question at a deposition

28  or to seek further relief or protective order from the Court as permitted by the Federal

6

1  Rules of Civil Procedure.  Nothing in this Order shall constitute an admission or
2  waiver of any claim or defense by any party.

3       11.    No provision of this Order shall be deemed to create a waiver as to
4  inadvertently-produced discovery materials that are protected from discovery on the
5  basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of
6  Civil Procedure.  The inadvertent production of such documents does not waive any
7  privilege or immunity with respect to such production or with respect to other
8  materials or information referred to in the materials produced, so long as a request for
9  the return of such documents or information is made within ten (10) Court days after
10 the producing party learns of the inadvertent production.  Within five (5) Court days
11 of such request, the receiving party shall take reasonable efforts to return the
12 inadvertently produced documents identified and all copies thereof, and certify in
13 writing that it has done so.  Nothing in this Paragraph shall prejudice the right of any
14 party to seek discovery of communications, documents and things as to which a claim
15 of privilege has been made.

16      12.    In the event that counsel for any party determines to file or submit to this
17 Court any Confidential Material or any papers containing, quoting, or describing such
18 information, those materials shall be filed under seal in sealed envelopes on which
19 shall be endorsed the caption of this action and a statement substantially in the
20 following form:

21                              **<u>CONFIDENTIAL</u>**

22            This envelope contains documents that are subject to an
23            order governing discovery and the use of confidential
24            discovery material entered by the Court in this action.
25            The envelope shall not be opened or the contents thereof
26            displayed or revealed except by Order of the Court.
27            Violation hereof may be regarded as contempt of the
28            Court.

1       Subject to the Court's convenience and needs, documents filed under seal shall

2  be kept under seal by the Clerk until further Order of the Court.

3       13.    Any documents and information produced by nonparties, pursuant to

4  subpoena or otherwise may be designated pursuant to the terms of this Order by any

5  party or nonparty.

6       14.    A party shall not be obligated to challenge the propriety of material

7  designated under this Order at the time the designation is made and failure to do so

8  shall not preclude a subsequent challenge thereto.  In the event that any party to this

9  litigation disagrees at any state of these proceedings with such designation, such party

10 shall provide to the designating person or entity a letter detailing its objection to the

11 designation.  The designating person or entity shall respond by letter within three (3)

12 court days to such letter.  If not resolved, the objecting party may file a motion

13 objecting to the designation.  In any such motion, the burden of proving that

14 information has been properly designated under this Order is on the person or entity

15 making such designation.

16 **Other Provisions**

17      15.    Nothing in this Order shall preclude any party to the lawsuit or its

18 counsel:  (a) from showing Confidential Material to an individual who either prepared

19 or reviewed the document prior to the filing of this action; or (b) from disclosing or

20 using, in any manner or for any purpose, any Confidential Material from the party's

21 own files which the party itself has designated under this Order.

22      16.    Nothing in this Order shall prevent disclosure beyond the terms of this

23 Order if the party designating material consents in writing to such disclosure, or if a

24 court orders such disclosure.  A party requested to disclose Confidential Material to a

25 nonparty pursuant to a validly served subpoena, civil investigative demand, discovery

26 procedure permitted under the Federal Rules of Civil Procedure or other formal

27 discovery request shall object to its production to the extent permitted by applicable

28 law and notify the requesting nonparty of the existence of this Order and that the

material requested by the nonparty has been designated under this Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances sufficiently prior to the date on which such confidential material is to be produced to the nonparty.  Once such notice is given, the designating party shall take all steps it believes are necessary to protect the Confidential Material and the non-designating party is not required to take any further action.

17.    If a party inadvertently fails to designate material and/or information, when producing or otherwise disclosing such material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  As soon as the receiving party has knowledge of the inadvertent production, the information must be treated as if it had been designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 14 above, as well as any copies made by such persons.  The costs of doing so shall be paid by the designating party.

18.    All counsel for the parties who have access to Confidential Material acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

19.    Entering into, agreeing to, and/or producing or receiving information or material designated under this Order, or otherwise complying with the terms of this Order shall not:

(a)    operate as an admission by any party that any particular information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

9

(b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

(c)     prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

(d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e)     prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

(f)     prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)     prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

20.     This Order shall not be construed to apply to any information that:  (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

21.     In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Order.  If the consent of the non-party is refused or

1   otherwise cannot be obtained, the party will promptly thereafter notify the party

2   seeking discovery by the written response due date for such discovery of:  (a) the

3   existence and description (to the extent disclosable) of the information without

4   producing such information and; (b) the identity of the nonparty (provided, however,

5   that such disclosure of the identity of the non-party does not violate any

6   confidentiality obligations).  The party seeking discovery may then make further

7   application to the non-party or seek an order to compel discovery.

8        22.   Within sixty (60) days after the final termination of litigation between the

9   parties (including appeals), all Confidential Material and all copies thereof (including

10  summaries and excerpts) shall be either returned to the party that produced it or

11  destroyed and a certification of destruction supplied to the producing party; provided,

12  however, that for each party, counsel who is entitled access to such designated

13  material pursuant to this Order may retain one complete and unredacted set of its work

14  product that contains designated material as well as pleadings and papers filed with

15  the Court or served on the other party solely for reference in the event of, and only in

16  the event of, further proceedings or litigation between the parties, a dispute over such

17  counsel's performance, or a dispute over the use or dissemination of Confidential

18  Material.  Such retained copy of pleadings and papers shall be maintained in a file

19  accessible only by properly authorized counsel under the provisions of, and bound by,

20

21

22

23

24

25

26

27

28

11

1  this Order.  This Order shall survive the final termination of this litigation with respect

2  to any such retained Confidential Material and the Court shall retain jurisdiction to

3  resolve any dispute concerning the use thereof.

4  Dated:  March  21, 2008                    Respectfully submitted,

5                                             WINSTON & STRAWN LLP

6

7                                             By:  /s/ Jennifer Golinveaux
                                                  Andrew P. Bridges
8                                                 Jennifer Golinveaux
                                                  Attorneys for Defendant
9                                                 Microsoft Corporation

10 Dated:  March  21, 2008                    MAUSNER IP LAW

11

12                                            By:  /s/ Jeffrey N. Mausner
                                                  Jeffrey N. Mausner
13                                                Attorneys for Plaintiff
                                                  Perfect 10, Inc.

14

15                                    **ORDER**

16 IT IS SO ORDERED, this 24 day of _March_____, 2008.

17

18 _____ / S / _____

19                                            Hon. Stephen J. Hillman
                                              United States Magistrate Judge

20

21

22

23

24

25

26

27

28

                                       12

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | PERFECT 10, INC., a California          )   Case No. CV 07-5156 AHM (SHx)
   | corporation,                            )
13 |                                         )
   |              Plaintiff,                 )   **NOTIFICATION OF PROTECTIVE**
14 |                                         )   **ORDER GOVERNING**
   |        vs.                              )   **INFORMATION IN THIS CASE**
15 |                                         )   **AND UNDERTAKING**
   | MICROSOFT CORPORATION; and              )
16 | DOES 1 through 100, inclusive,          )
   |                                         )
17 |              Defendant.                 )

18

19

20

21

22

23

24

25

26

27

28

The United States District Court in Los Angeles has issued a protective order in this case, which limits the dissemination of Confidential Material produced in discovery.  You are now subject to this order and are prohibited by court order from communicating any Confidential Material you obtained through discovery in this case to any persons other than those specified in the protective order.  If you intentionally disseminate this information in violation of this Court's order, you could be subject to sanctions, which could include fines and, in an extreme case, incarceration for contempt of court.

If for any reason you believe you should not be subject to this order or would like to request an order from the Court exempting you from this order, you should request a hearing before this Court and obtain a ruling <u>before you disseminate any of the information</u>.  You can request a hearing by telling any of the attorneys in this case that you want to be heard.  The attorney will then arrange for the Court to hold a hearing.  If you prefer, you can instead call the Court's clerk and request a hearing date.

BY ORDER OF THE COURT.

_____
Hon. Stephen J. Hillman
United States Magistrate Judge

I declare under penalty of perjury that I have read the Protective Order issued in this case and that I agree to abide by and be bound by its terms.

Executed this _____ day of _____, 2008 in _____.

_____          _____
Print Name                                          Signature

2

NOTIF. OF PROT. ORD. GOVERNING INFO IN CASE
EXHIBIT A